UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

REUBEN CHRISTOPHER CEJA,

Plaintiff,

v.

JOHN D. MIDDLEBROOK, et al.,

Defendants.
______________________________/

Case No. 1:26-cv-2047

Hon. Robert J. Jonker
U.S. District Judge

**REPORT AND RECOMMENDATION**

**I. Introduction**

*Pro se* Plaintiff – state criminal Defendant Reuben Christopher Ceja – filed this lawsuit against Defendants Mason County District Judge Middlebrook, Prosecuting Attorney Beth M. Hand, and his former defense attorney Ryan Glanville.[1] ECF No. 1. Plaintiff alleges that on May 28, 2026, he submitted a motion to dismiss his criminal charges to the Mason County Court. On June 10, 2026, a settlement conference was held. During the conference, Judge Middleton set a trial date. Plaintiff alleges that no one mentioned his motion to dismiss during the June 10, 2026, settlement conference. *Id.*, PageID.4. He alleges that this violated his due process rights and that he is entitled to compensatory and punitive damages. *Id.*

On July 15, 2026, Plaintiff was granted *in forma pauperis* status. ECF No. 5.

---

[1] Attorney Glanville moved to withdraw as counsel, because Plaintiff filed a *pro se* motion to dismiss without attorney Glanville's knowledge or consent. ECF No. 1-1, PageID.15. Attorney Glanville says he informed his client that the motion had no basis in law and that attorney Glanville would not pursue the motion. *Id.*

## II. Standard of Law

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a "probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III. Analysis

As an initial matter, Plaintiff's due process claim is frivolous. Plaintiff says that he filed a motion to dismiss his criminal charges on May 28, 2026, but during a June 10, 2026, settlement conference no one mentioned his motion. Plaintiff says that this violated his due process rights. Plaintiff does not explain how his due process rights were violated.

First, there would be no reason for the Judge, the prosecutor, or even Plaintiff's defense attorney to mention the recently filed motion to dismiss during the scheduled settlement conference. The settlement conference was not a motion hearing.

Second, if Plaintiff properly filed a motion to dismiss in the Mason County Court and complied with all the Michigan Court rules, the Prosecutor is allowed time to file a written response before the Judge rules on the motion.

Finally, Plaintiff fails to indicate how each Defendant violated his due process rights. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation bof specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or

responsible for each alleged violation of rights). Plaintiff has asserted no claims against Prosecutor Hand, or his former defense counsel Glanville.

At best, Plaintiff asserts that Judge Middlebrook failed to rule on his motion within two weeks from the date that it was filed. That cannot be a due process violation or any Constitutional violation.

Further, Judge Middlebrook is entitled to absolute judicial immunity. Judges are entitled to absolute judicial immunity for actions taken within a judge's judicial authority. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, that are taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity). Here, Plaintiff has made no

allegations that Judge Middlebrook took an action outside his jurisdictional authority. Moreover, if Plaintiff is alleging that Judge Middlebrook legally erred in a decision, his recourse is to file an appeal in the Michigan Court of Appeals. Not a federal lawsuit.

Finally, this Court should not interfere in Plaintiff's state criminal proceedings. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Generally, federal courts should abstain from deciding a matter that would interfere with pending state proceedings involving important state matters unless extraordinary circumstances are present. *Id.* at 44−55. This principle is based on notions of equity and comity, "and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.* at 44. A federal court may raise abstention *sua sponte*. *O'Neill v. Coughlan*, 511 F.3d 638, 641-42 (6th Cir. 2008).

*Younger* generally permits a federal court to abstain from considering a plaintiff's claims where: (1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Criminal defendants "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings . . . and their failure to avail themselves of such

opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citing *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973)).

Exceptions to the *Younger* abstention doctrine have been recognized in the following circumstances: (1) where "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) where "[a] challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); and (3) where there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

The three factors supporting *Younger* abstention are present in this case. First, Plaintiff's case is pending in state court. Second, Plaintiff's criminal proceedings involve important state interests. *See Younger*, 401 U.S. at 43 (recognizing that when the state proceeding is criminal in nature, the policy against federal interference is "particularly" strong); *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) (stating that "*Younger* established a near-absolute restraint rule when there are pending state criminal proceedings"). Third, the state court proceedings provide an adequate opportunity for Plaintiff to raise his claims.

More importantly, federal courts should abstain from interfering with state court matters, "unless extraordinary circumstances are present." *Marjamaa v. Mitchell*, 2019 WL 5853486 at *1-2 (W.D. Mich., Nov. 8, 2019) (citing *Younger* at 44-

55). In the opinion of the undersigned, Plaintiff's allegations fall well short of establishing the sort of extraordinary circumstances which would justify interference by this Court in a criminal proceeding. *Id*. Accordingly, an exception set forth in *Ex parte Young* does not apply.

**IV. Recommendation**

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint because it is frivolous and fails to state a claim upon which relief may be granted.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: August 4, 2026

/s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE